■ In the Matter of Albert C. Johnston et al., Petitioners, v New York State Tax Commission, Respondent.—Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a personal income tax assessment imposed under Tax Law article 22.

Petitioner Albert C. Johnston* is a patent attorney who resided in Connecticut and filed New York State income tax nonresident returns for the years in issue, 1971 through 1976. Petitioner was admitted to practice law in the District of Columbia in 1933 and to the United States Court of Appeals for the District of Columbia in 1935. That same year, he was registered to practice before the United States Patent Office (Patent Office). He was subsequently admitted to a number of Federal courts and the New York State Bar. At that time, he entered the "private practice of patent law and related matters". Petitioner maintained an office in New York City until 1977. According to petitioner's testimony at the hearing, his practice has been exclusively "in matters relating to patent and Trademark Law before the United States Patent Trademark Office and in matters before the Federal courts".

In the late 1940's, petitioner established an additional office in his home in Darien, Connecticut. Petitioner did not have a secretary at his home office and, therefore, all typing, billing and other secretarial work was performed at the New York office. Petitioner did, however, solicit clients in Connecticut and represent them in the Federal courts, with his major communications with these clients being confined to Connecticut. After his admission to the Connecticut Bar in 1977, petitioner closed his New York City office and practiced solely in Connecticut.

. During the years in issue, 1971 through 1976, petitioner kept a daily log showing the hours he worked in Connecticut and New York. On these time sheets, petitioner indicated the client, the intraoffice case number and the number of hours devoted to the case on each day. For income tax purposes, petitioner allocated his income between New York and Connecticut, and paid New York tax on income received for hours worked in New York, but not for income received for the hours he worked in Connecticut.

In 1980, the State Department of Taxation and Finance issued two notices of deficiency to petitioner for income tax owed for the years 1971 through 1976. Petitioner sought a redetermination of these alleged deficiencies. Respondent found that because petitioner had not been a member of the Connecticut Bar during the years in issue, he could not

---

* Petitioner Bonnie H. Johnston's only connection with this case is as the wife of Albert C. Johnston and as joint taxpayer on their New York State income tax returns. Therefore, all further references to "petitioner" will be to Albert C. Johnston.

practice law in Connecticut. Since petitioner did not maintain an office in the District of Columbia, the only local Bar other than New York to which he was admitted to practice law, respondent concluded that all of petitioner's income was derived from or connected to his New York practice, regardless of where he performed the work. Consequently, respondent sustained the two notices of deficiency. This CPLR article 78 proceeding ensued and was transferred to this court.

Petitioner maintains that by virtue of his registration with the Patent Office, his right to practice patent law is a right he holds independent of his admission to any State Bar. Accordingly, petitioner contends that he could lawfully practice patent law both in New York and Connecticut and apportion to New York only so much of his total income as was attributable to New York sources. We agree with petitioner's assertion. In *Sperry v Florida* (373 US 379), the United States Supreme Court instructed that registration to practice with the Patent Office is a Federal right which takes precedence over the legal licensing requirements of any State. Consequently, petitioner could engage in certain activities in Connecticut which, but for his registration with the Patent Office, would be prohibited *(see,* 35 USC § 31; *cf. Matter of Lefkowitz v Peska Assoc.,* 90 Misc 2d 59, 61-62). It follows that petitioner could practice law partly within New York and partly outside New York (i.e., Connecticut), and allocate to New York only the income derived from or connected with New York sources (Tax Law § 632 [c]). Respondent's conclusion that petitioner could not practice law in any way in Connecticut was improper and must, therefore, be annulled. Having determined that petitioner is entitled to allocate his income between New York and Connecticut *(see,* 20 NYCRR 131.15), the matter must be remitted for further proceedings in this regard. It should be noted that petitioner may only allocate to Connecticut the income he received as a result of services performed within the scope of the practice authorized by the Patent Office *(cf. Matter of Lefkowitz v Peska Assoc., supra).*

Determination annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent herewith. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.